IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andres Leroy Glenn, | C/A No.: 3:12-763-CMC-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Kathy Vandross; Alan Vandross, | |
| Defendants. | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is currently located at the Columbia Care Center.[1] Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff initially submitted a one-sentence document, which the court construed as a complaint. [Entry #1]. The document stated only that Plaintiff was suing his sister and brother-in-law for $100,000. *Id.* Plaintiff filed a second one-sentence document on March 16, 2012 stating that he was suing the defendants for $100,000 "for [Plaintiff's] book life

---

[1] The Columbia Care Center, also known as Geo Care, is a facility in Columbia, South Carolina, which offers correctional and detention management services and medical and mental health rehabilitation services to federal, state and local governmental agencies. *See* http://www.geogroup.com/ (last visited April 18, 2012). It is unclear from the pleading why Plaintiff is living at this facility.

amoung sin." [Entry #6 at 1]. On March 23, 2012, the undersigned issued an order directing Plaintiff to bring this case into proper form for initial review. [Entry #7]. In addition to providing the service and financial documents necessary to advance this case, the order directed Plaintiff to complete and submit a standard complaint form. *Id.* at 2. Plaintiff partially complied with the court's order by providing some service documents, but failed to submit a standard complaint form. Plaintiff filed answers to the district court's interrogatories pursuant to Local Civil Rule 26.01 (D.S.C.). [Entry #10]. One such answer states that "it is a federal felony to steal one's copyrights and property." *Id.* at 1.

II.  Discussion

   A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

The instant complaint is subject to summary dismissal because it fails to provide "a short and plain statement showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a). Plaintiff's complaint, in its entirety, indicates only that he is of sound mind, and that he is suing the defendants for monetary damages associated with a book. [Entry #1, #6]. While it is true that the court is bound to liberally construe Plaintiff's *pro se* complaint, he must do more than make mere conclusory statements to support his claim. *See Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (affirming dismissal of a complaint which "failed to contain any factual

allegations tending to support [plaintiff's] bare assertion"). While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003); *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (plaintiff must "offer more detail, however, than the bald statement that he has a valid claim of some type against the defendant"). Due to the lack of factual allegations of specific wrongdoing attributable to each of the defendants, the complaint fails to state a claim on which relief may be granted. *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims "encompasses complaints that are either legally or factually baseless").

Further, even when liberally construed in light of Plaintiff's answers to the court's interrogatories, the instant case is subject to summary dismissal. Plaintiff alleges that "it is a federal felony to steal one's copyrights and property." [Entry #10 at 1]. In order to establish copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*, a plaintiff must present evidence establishing two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Bouchat v Baltimore Ravens, Inc.*, 241 F.3d 350. 358 (4th Cir. 2001) (quoting *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Plaintiff's pleadings do not provide facts to allege either of these elements. In addition, 17 U.S.C. § 411(a) provides that "no civil action for infringement of the copyright in any United States work shall be instituted until

4

preregistration or registration of the copyright claim has been made in accordance with this title." While the Supreme Court has held that failure to register a copyright does not deprive a district court of subject matter jurisdiction over a copyright claim, the Court also acknowledged that § 411(a) imposes a statutory precondition of copyright registration prior to filing such a claim in federal court. *Reed Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237, 1246–48 (2010). Within the Fourth Circuit, district courts "have applied *Muchnick* in analyzing copyright infringement claims relating to unregistered works and, where appropriate, have dismissed such claims." *See Tattoo Art, Inc. v. Tat Int'l, LLC,* 794 F. Supp. 2d 634, 655 (E.D.Va. 2011) (collecting cases). The pleadings in this case provide no indication that Plaintiff has registered a copyright, nor do they allege sufficient facts to establish defendants' infringement on any copyright Plaintiff may possess. Therefore, the instant case should be summarily dismissed.

III. Conclusion

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature]*

April 27, 2012　　　　　　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).